IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-158

No. 320A21

Filed 17 December 2021

IN THE MATTER OF: T.I.S., E.J.S., K.J.S.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 10 May 2021 by Judge Nathaniel M. Knust in District Court, Cabarrus County. This matter was calendared for argument in the Supreme Court on 6 December 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Hartsell & Williams, PA, by E. Garrison White, for petitioner-appellee Cabarrus County Department of Human Services.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for appellee Guardian ad Litem.*

*Richard Croutharmel for respondent-appellant mother.*

NEWBY, Chief Justice.

¶ 1    Respondent-mother appeals from the trial court's order terminating her parental rights to T.I.S. (Timmy), E.J.S. (Eddie), and K.J.S. (Kenny).[1] Counsel for respondent has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude that the issues identified by counsel in

---

[1] Pseudonyms are used in this opinion to protect the juveniles' identities and for ease of reading.

respondent's brief as arguably supporting the appeal are meritless and therefore affirm the trial court's order.

¶ 2          This case arises from a termination action filed by Cabarrus County Department of Human Services (DHS). Timmy, Eddie, and Kenny were born on 25 March 2011, 23 August 2014, and 20 October 2019, respectively. Eddie's father was deceased at the time of the termination hearing; the fathers of Timmy and Kenny are unknown. On 23 May 2019, DHS obtained nonsecure custody of Timmy and Eddie and filed juvenile petitions alleging they were neglected and dependent juveniles. The petitions alleged that respondent continually tested positive for a variety of different drugs, that Timmy was routinely late or absent from school, and that Eddie's teeth had severe decay and appeared to be broken off. Timmy, Eddie, and their older brother[2] were adjudicated neglected and dependent juveniles on 2 October 2019. When Kenny was born several weeks later, he tested positive for methadone and opiates. DHS then filed a juvenile petition alleging that Kenny was a neglected juvenile. Kenny was adjudicated a neglected juvenile on 21 February 2020 and placed in DHS custody.

¶ 3          Respondent's reunification case plan included a substance abuse assessment, signing releases for DHS to access her service provider records, random drug screens, a psychological parenting evaluation, obtaining and maintaining housing and income

---

[2] The older brother is not a part of this appeal.

sufficient for herself and the children, and maintaining contact with DHS. Respondent completed a substance abuse assessment on 21 January 2020, which recommended that she attend a forty-hour program with individual counseling. After attending only one session, respondent was discharged from the program for missing several consecutive sessions. Respondent later tested positive for morphine, methadone, and tramadol. Respondent continued to live with her father in the home from which the children were removed, failed to secure steady employment, and stopped participating in meetings with DHS after March 2020.

¶ 4        On 4 November 2020, DHS filed motions to terminate respondent's parental rights to Timmy, Eddie, and Kenny. Following a termination hearing on 18 March 2021, the trial court entered an order on 10 May 2021 in which it concluded grounds existed to terminate respondent's parental rights on the grounds of neglect, willfully leaving the juveniles in foster care or placement outside the home without correcting the conditions which led to their removal, willfully failing to pay a reasonable portion of the costs of care for the juveniles, dependency, and willful abandonment. N.C.G.S. §§ 7B-1111(a)(1), (2), (3), (6), (7) (2019). The trial court further concluded it was in the juveniles' best interests that respondent's parental rights be terminated. Accordingly, the trial court terminated respondent's parental rights to Timmy, Eddie, and Kenny.

¶ 5    Counsel for respondent filed a no-merit brief on his client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. Counsel identified two issues that could arguably support an appeal but also explained why he believed these issues lack merit. Specifically, counsel argues respondent has made some efforts to improve her situation for the children's benefit but concedes that he can muster no non-frivolous argument for refuting the trial court's adjudication on the ground of N.C.G.S. § 7B-1111(a)(2). Counsel also states that he cannot argue in good faith that the trial court abused its discretion in finding termination of respondent's parental rights to be in the children's best interests. Counsel has advised respondent of her right to file pro se written arguments on her own behalf and provided her with the documents necessary to do so. Respondent has not submitted written arguments to this Court.

¶ 6    We carefully and independently review issues identified by counsel in a no-merit brief filed under Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are satisfied the trial court's 10 May 2021 order is supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent's parental rights.

AFFIRMED.